UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-CV-10373-RGS

ARCHAMBAULT

v.

AURORA LOAN SERVICES, LLC

MEMORANDUM AND ORDER ON DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

September 13, 2011

STEARNS, D.J.

Defendant Aurora Loan Services, LLC, (Aurora), moves for dismissal[1] of an action brought by Kathy Bertucci Archambault and Joseph Archambault. The Archambaults filed suit in the Essex Superior Court seeking a declaratory judgment that

---

[1] At the hearing on August 17, 2011, the court converted Aurora's motion to dismiss to a motion for summary judgment. *See* Fed. R. Civ. P. 12(d). While Rule 12(b)(6) requires that a district court ordinarily provide the parties with at least ten days notice pursuant to Rule 56(c) of its intention to convert a motion to dismiss to one for summary judgment pursuant to Rule 12(d), the notice requirement is satisfied when a party receives constructive notice that the court has been afforded the option of conversion – something that occurs when a movant (or non-movant) attaches materials to his motion that are outside the pleadings. *Collier v. City of Chicopee*, 158 F.3d 601, 602-603 (1st Cir. 1998). At the hearing, both parties referenced materials outside of the record, and neither objected to the court's limited request for proof of authority to assign the disputed mortgage.

Aurora lacks the authority to foreclose on their residence in Salem, Massachusetts.[2] The Complaint is set out in three Counts. Count I avers that Joann Rein, the individual who executed the assignment of the underlying mortgage to Aurora was not an employee of the mortgage holder, Mortgage Electronic Registration Systems, Inc., (MERS), and did not have assignment authority. Count II alleges that because GN Mortgage LLC, the entity for whom MERS acted as nominee, no longer existed at the time the assignment was executed, the assignment was ineffective. Count III alleges that because Aurora is neither the holder of the promissory note nor a non-holder in possession of the note with the rights of a holder, it lacks the authority to exercise any rights as a mortgagee, including the right to foreclose.

At a hearing on August 17, 2011, the court requested that Aurora submit proof, by way of a sworn affidavit, that Joann Rein had actual authority as a Vice President of MERS to assign the Archambaults' mortgage (acquired by MERS on July 13, 2005). Aurora has submitted the requested affidavit from Rein, the authenticity of which has not been contested, and thus no genuine issue of material fact remains as to whether Rein had the proper authority. *See* Fed. R. Civ. P. 56(a). Summary judgment will therefore be granted on Count I.

---

[2] On March 4, 2011, Aurora removed the case to the federal district court on diversity grounds.

With regard to Count II, the court agrees with Aurora that MERS has the legal capacity to act as the agent of a valid note holder and that MERS was acting as nominee for GN Mortgage, LLC and its "successors and assigns," which includes Aurora. *See Kiah v. Aurora Loan Servs., LLC.,* No. 10-40161, 2011 WL 841282, at *8 (D. Mass. Mar. 4, 2011) ("[GN Mortgage, LLC's] dissolution would not prevent its successors and assigns, including Aurora, from seeking transfer of the mortgage from MERS.").

Finally, the court will allow summary judgment with respect to Count III. In Massachusetts, a foreclosing entity must be the current record mortgagee and holder of the mortgage; it need not be the note holder. *See Kelly v. Deutsche Bank Nat'l Trust Co.,* No. 11-10328, 2011 WL 2262915, at *3 (D. Mass. June 9, 2011) (citing Mass. Gen. Laws ch. 244, § 14).

## ORDER

For the foregoing reasons, Aurora's motion for summary judgment is <u>ALLOWED</u>. The Clerk will now close the case.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE